## OCTVEE EVANS V. STATE

No. 27,089. October 27, 1954
Rehearing Denied December 8, 1954

*Reynolds & Tucker*, by *W. M. Tucker*, Shamrock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of unlawfully possessing whisky and beer for the purpose of sale in a dry area after two prior convictions of offenses of like character alleged for the purpose of enhancement; the punishment, eighteen months in jail and a fine of $350.

The state introduced proof that Wheeler County was a dry area and evidence was offered to support the two prior convictions alleged.

Appellant challenges the sufficiency of the evidence to support the verdict of the jury.

The testimony of the state shows that appellant was present at the Big 80 Cafe, which he owned, at the time Sheriff Dorman, two Texas Liquor Control Board Officers and the county attorney arrived, searched the building and found no intoxicating liquor. It was further shown that the officers found one pint of whiskey, one pint of wine, six one-half pints of gin and twenty-four cans of beer buried under some ashes in a fence row approximately forty-five feet east from the Big 80 Cafe and across a vacant lot from the cafe, which lot appellant used for parking his automobile. Also, it was shown that they found one pint of whiskey and one pint of wine in some ashes about twenty feet back of the cafe building and between the cafe and the outbuildings.

Appellant, while testifying, stated that he owned the Big 80 Cafe; that he was present in said cafe when the officers found two pints of whiskey, two pints of wine, six one-half pints of gin and twenty-four cans of beer under the fence row about forty feet from his cafe; that he used the vacant lot back of his cafe for parking his automobile; that he had a clothes line on the lot which he used; that he had the owner's permission to use said land; and that he controlled the land between his cafe and the outbuildings. Appellant denied ownership of or any knowledge of the intoxicating liquor being in the fence row or anywhere on or about his place.

The court charged the jury on circumstantial evidence, and we find the evidence sufficient to support its verdict.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant again urges the insufficiency of the evidence to show that appellant was in possession of the beer, wine and whisky found by the officer.

If we understand this record, the officers found one pint of whisky and one pint of wine between the back of the cafe and the outbuildings. This liquor was buried under some ashes, about 20 feet to the rear of the cafe building, and was found on premises which appellant testified he controlled.

The other whisky, wine, gin and beer were found buried in the ground some 30 or 40 feet from the cafe under the fence row and across a strip of land which was used by appellant.

The evidence also shows that appellant had previously pleaded guilty to possessing whisky and beer for the purpose of sale, and appellant so testified.

We remain convinced that the evidence is sufficient to sustain the jury's verdict.

Appellant's motion for rehearing is overruled.